UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DUANE LANDRUM,** | ) | **CASE NO. 1:06CV2577** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **ITT TECHNICAL INSTITUTE,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #4) of Defendant, ITT Technical Institute ("ITT"), to Strike Amended Complaint or, in the alternative, to Dismiss Individual Defendants. For the reasons that follow, the motion is granted in part. Fed. R. Civ. P. 15(a) authorizes an amendment without leave of court if asserted before responsive pleading; nonetheless, the proposed joinder of individual Defendants, Martha Watson and Bruce Hedstrom, is denied.

### I. BACKGROUND

Plaintiff, Duane Landrum ("Landrum"), originally filed this action in the Cuyahoga County Common Pleas Court, alleging race harassment, race discrimination, retaliation, and constructive discharge. On October 25, 2006, ITT removed the case to this Court on the basis of diversity of citizenship. On the following day, Landrum filed his First Amended Complaint, adding Martha Watson, ITT's Campus President, and Bruce Hedstrom, the former Regional Director of ITT, purportedly Ohio residents, as Defendants. No new theories of liability were asserted nor did Plaintiff allege these new Defendants should be held liable for

additional amounts beyond that claimed against ITT.  In its motion, ITT opposes the Amended Complaint as filed without leave, and asserts the only real purpose behind the amendment was to destroy diversity.

## II. LAW AND ANALYSIS

28 U.S.C. § 1447(e) provides:

> If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the State court.

Thus, Congress has provided the Court with two options: deny joinder, or grant it and remand the case.  This discretionary authority exists even in the face of the broad and permissive nature of Fed. R. Civ. P. 15(a), and where a responsive pleading has not yet been filed.  *Wells v. Certainteed Corporation*, 950 F.Supp. 200, 201 (E.D. Mich.1997); *O'Connor v. Automobile Ins. Co. of Hartford, Conn.*, 846 F.Supp. 39, 41 (E.D. Tex.1994); 6 *Wright, Miller & Kane, Federal Practice & Procedure: Civil*, § 1447, p.562 (2d Ed. 1990).

The Court must consider certain factors in exercising its discretion whether to allow joinder of a non-diverse party which would destroy subject matter jurisdiction: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be "significantly injured" if amendment is not allowed; (4) the original defendant's interest in its choice of forum; and any other equitable considerations.  *Wells*, 950 F.Supp. at 201; *Hensgens v. Deere & Co.*, 833 F. 2d 1179, 1182 (5th Cir. 1987).

Viewing these factors in the factual context of this case, the Court is convinced that an amendment to join these non-diverse Defendants is unwarranted.  Martha Watson and Bruce

Hedstrom were not unknown to Landrum, particularly since they were his former superiors. They were mentioned by name in the factual recitations of the original Complaint; but Landrum argues they were "inadvertently omitted" as parties. No new claims are asserted in the amended pleading. In fact, aside from designating them as Defendants, paragraphs 22, 23, and 24 of the original Complaint mirror paragraphs 24, 25, and 26 of the First Amended Complaint. Landrum will not be prejudiced if joinder is disallowed because he can obtain complete relief from ITT. Plaintiff's own amendment prays for joint and several liability with the existing Defendant in this lawsuit. Moreover, like the Defendant did in *Wells*, ITT has conceded that it "would be vicariously liable for any proven discriminatory or harassing conduct of Watson and Hedstrom that arose out of the scope of their employment." (ITT's Reply Brief at p.7, ECF DKT #8).

### III. CONCLUSION

Therefore, this Court, exercising its discretion under 28 U.S.C. § 1447(e), denies joinder and dismisses Martha Watson and Bruce Hedstrom as Defendants, because Plaintiff, Duane Landrum, amended his Complaint principally for the purpose of defeating federal jurisdiction, and he will suffer no prejudice if joinder is not allowed.

**IT IS SO ORDERED.**

**DATE: January 12, 2007**

                                        s/Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**